UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSAD M. CHEAITOU,

       Plaintiff,                                    Case No. 14-14530

                                                        Paul D. Borman
v.                                                     United States District Judge

                                                        David R. Grand
CITY OF DETROIT FOIA                    United States Magistrate Judge
COORDINATOR, and
CITY OF DETROIT LAW
DEPARTMENT,

       Defendants.
_____/

ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS (ECF NO. 2) AND
(2) DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

      Plaintiff filed this Complaint against the City of Detroit, the City of Detroit Law Department and the City of Detroit FOIA Coordinator, alleging a violation of Mich. Comp. Laws § 15.231 *et seq.* for an alleged failure to respond to Plaintiff's request for public information. Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2.) Plaintiff claims to be self-employed, to have income of $13,884/year, to own an automobile worth $1,500 and to be responsible for one dependent. *Id.* Plaintiff's income as claimed in the Application is below the 2014 Poverty Guideline of $15,730 for a family of two. http://aspe.hhs.gov/poverty/14poverty.cfm Plaintiff admits of no other assets or sources of income. The Court concludes that Plaintiff has demonstrated sufficient indigence to proceed in this Court without prepayment of the filing fees and GRANTS the Application to Proceed *In Forma Pauperis*.

1

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss claims that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1]  To state a claim for relief, the factual allegations of the Complaint must demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  The *Twombly* standard governs dismissals under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted.

Plaintiff purports to invoke this Court's federal question jurisdiction and check-marked the box indicating "other civil rights" on the Civil Cover Sheet to describe the nature of the suit. However, the Complaint fails to rely on a federal statute or other source of federal law in support

---

[1] The screening provisions of § 1915(e)(2) apply to both prisoner and non-prisoner actions. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (recognizing that "[t]he language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners," and holding that non-prisoner *in forma pauperis* complaints, while not subject to the screening provisions of 28 U.S.C. § 1915A, must still be screened under section 1915(e)(2) and must be dismissed, even before opportunity is given to amend, if they fall within the requirements of 1915(e)(2) when filed). *See also Horrigan v. Haworth*, No. 10-cv-462, 2010 WL 2490673, at *2 (W.D. Mich. June 16, 2010) (citing *McGore*, *supra*, recognizing that § 1915(e)(2) applies to prisoner and non-prisoner cases and requires a district court to dismiss a complaint, without granting leave to amend, where the complaint meets any one of the conditions of § 1915(e)(2)(B)).

of the claims of the Complaint which, Plaintiff avers, are based on the Michigan Freedom of Information Act, Mich. Comp. Laws § 15.231, *et seq.* (the "Michigan FOIA").  Even were the Court to liberally construe Plaintiff's *pro se* Complaint as alleging a claim under the Federal Freedom of Information Act, 5 U.S.C. §§ 551-52 (the "FOIA"), the Complaint would fail to state a cognizable federal claim as the FOIA is applicable only to federal agencies.  *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) ("As numerous sister circuits have noted, it is beyond question that FOIA applies only to federal and not to state agencies.") (internal quotation marks and citations omitted); *Washington v. Wishard Memorial Hosp., et al.*, No. 95-5266, 70 F.3d 116, at *2 (6th Cir. Oct. 18, 1995) (table decision) ("[T]he FOIA is applicable only to federal agencies.") (alteration added); *McKissick-Johnson v. Detroit Police Dep't*, No. 13-13309, 2013 WL 5177975, at *3 (E.D. Mich. Sept. 12, 2013) (*sua sponte* dismissing under § 1915 screening provisions where complaint alleged claim against City of Detroit police department under Michigan FOIA); *Hulshof v. Jurkas*, No. 05-152, 2006 WL 2943302, at *1 (W.D. Mich. Oct. 13, 2006) (dismissing under the screening provisions of § 1915 claim under state FOIA, noting that claims arising under the state Freedom of Information Act allege no cognizable federal claim).

Accordingly, because the Court is unable to discern a basis for federal question jurisdiction or a cognizable federal claim from the face of Plaintiff's Complaint, and the Complaint being otherwise devoid of allegations of diversity of citizenship, this case is DISMISSED.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2014.

                                        s/Deborah Tofil
                                        Case Manager